UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS RYAN DE PALO,

    Plaintiff,

v.                                             Case No: 8:15-cv-169-T-27AEP

WALKER FORD CO., INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Walker Ford Company's Motion to Dismiss (Dkt. 11), and Plaintiff's response (Dkt. 22). Upon consideration, the Motion to Dismiss is DENIED.

### I.   BACKGROUND

Plaintiff, Nicholas Ryan De Palo, alleges he is a disabled person who resides in Palm Beach County, Florida. (Dkt. 1, ¶ 2). Plaintiff acts as a "tester," visiting public places to determine if they are in compliance with the regulations of the ADA and seeking injunctions to remedy violations where they exist. (*Id.*, ¶ 3). Plaintiff is also employed in the apparel industry and involved with motor-cross and super-cross racing. (*Id.*, ¶¶ 1, 6). Due to his business, plaintiff often travels throughout Florida. (*Id.*, ¶ 6).

Defendant, Walker Ford Co., Inc., is a merchant of new and used motor vehicles located in Clearwater, Florida. (*Id.*, ¶¶ 7–8). In 2014 the Plaintiff visited the Defendant's place of business on several occasions in order to purchase a vehicle that would accommodate his wheelchair. (*Id.*, ¶¶ 4, 7). During these visits, Plaintiff encountered a number of barriers which limited his ability to access the Defendant's place of business. (*Id.*, ¶ 19). These barriers included obstacles to parking, entrances,

paths of travel, goods and services, and the restroom facilities. (*Id.*) Plaintiff subsequently filed this complaint, alleging that Defendant is in violation of the ADA and seeking injunctive relief. (*Id.*, ¶¶ 18–25). Plaintiff alleges that a remedy for the listed barriers is "readily achievable and can be accomplished and carried out without much difficulty or expense." (*Id.*, ¶ 22). Plaintiff further alleges that he "intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility," and that "[i]ndependent of subsequent visits for personal reasons, [he] intends to visit the premises annually to verify its compliance or non-compliance with the ADA." (*Id.*, ¶¶ 3, 17).

In response to the Plaintiff's Complaint, Defendant filed a Motion to Dismiss challenging Plaintiff's standing and the sufficiency of his allegations. (Dkt. 11)

## II.   STANDARD

A 12(b)(1) Motion to Dismiss challenges the court's jurisdiction based on subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This challenge can be either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion." . . . "Factual attacks," on the other hand, challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

*Id.* at 1529 (alterations in original)(internal citations omitted).

Article III, Section II of the U.S. Constitution limits the power of the Federal Courts, allowing them to hear only actual cases and controversies. *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 (11th Cir. 1991). Standing is one part of this requirement. *Id.* A plaintiff must meet

three requirements in order to have Article III standing when seeking injunctive relief, as here: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).

Rule 8(a)(2) of the Federal Rules of Civil Procedure further requires a plaintiff to provide a short and plain statement of his claim sufficient to demonstrate an entitlement to relief and to give fair notice of the grounds on which the claim rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to detail the facts on which his claim is based, the holding in *Twombly* requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. at 555. While the general rule is that all of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss with the exception of "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), this does not hold true in a Rule 12(b)(1) factual motion. When a 12(b)(1) factual motion to dismiss is brought, the trial court has "substantial authority...to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529. Accordingly, "no presumptive truthfulness attaches to the Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### III. DISCUSSION

#### A. *Plaintiff Shows Actual or Imminent Injury in Fact Traceable to the Defendant's Actions Which Can Be Redressed By a Favorable Decision*

Defendant contends that Plaintiff has failed to demonstrate standing. In order to have standing under Article III of the Constitution, the plaintiff must satisfy three requirements, the first

of which is "injury-in-fact." *Houston*, 733 F.3d at 1328. An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, the Plaintiff alleges that he suffered an injury in fact when he visited the Defendant's place of business on multiple occasions in 2014 and encountered barriers which precluded or limited his access to the facility and the goods and services therein. (Dkt. 1, ¶¶ 4, 16). Because the ADA mandated that places of public accommodation remove such barriers no later than January 26, 1993, (42 U.S.C. § 12182, 28 C.F.R. § 36.508), when Plaintiff encountered said barriers in Defendant's place of business in 2014 he experienced an invasion of his statutory rights that was concrete, not hypothetical. *See Houston*, 733 F.3d at 1332 (holding that ADA plaintiff's statutory rights were invaded when he encountered architectural obstacles at the location in question, regardless of his motive for visiting the facility). Plaintiff has therefore satisfied prong one of Article III standing.

The second requirement in order for the Plaintiff to have standing under Article III is "a causal connection between the asserted injury-in-fact and the challenged action of the defendant." *Houston*, 733 F.3d at 1328. Because these barriers were encountered on the premises of the Defendant's place of business, an area under the direct control of the Defendant, the Plaintiff's injury can be traced to the Defendant's actions. Plaintiff has therefore satisfied prong two of Article III standing.

The third requirement in order for Plaintiff to have standing under Article III is "that the injury will be redressed by a favorable decision." *Houston*, 733 F.3d at 1328. Defendant asserts that the Plaintiff has expressed no specific intent to return to the Defendant's place of business and therefore his injury will not be redressed by a favorable decision. Defendant relies on *Lujan*, which

requires more than "some day" intentions that the Plaintiff will return to the location in question. 504 U.S. at 564. However, *Houston v. Marod Superkmarkets, Inc.* and *Stevens v. Premier Cruises, Inc.*, recent ADA cases from the Eleventh Circuit, provide support for Plaintiff's claim that an intent to return in the near future is sufficient to establish redressability, and that Plaintiff's status as a tester is irrelevant to determining whether his injury is redressable. In *Stevens v. Premier Cruises, Inc.*, the Eleventh Circuit held that Stevens' proffered amended complaint, in which "[p]laintiff alleged that, in the near future, she would take another cruise aboard Defendant's ship" was sufficiently redressable. 215 F.3d 1237, 1239, 1243 (11th Cir. 2000). Here, the plaintiff similarly pleads that he "intends to visit the [Defendant's place of business] again in the near future." (Dkt. 1, ¶ 17). Plaintiff further alleges that "[i]ndependent of subsequent visits for personal reasons, Plaintiff intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises." (*Id.*, ¶ 3). This specific intent to return on an annual basis is far from the "some day" intentions expressed by the plaintiffs in *Lujan*. *Cf.* 504 U.S. at 563–64 (holding that defendants' intent to return to Sri Lanka "in the future" without more concrete plans was insufficient to support standing for injunctive relief).[1] Plaintiff therefore satisfies prong three for Article III standing.

    **B.**    ***Plaintiff is Not Required to Plead the Precise Dates and Times of His Visits to Defendant's Place of Business***

---

[1] In its Motion to Dismiss, Defendant cites multiple cases from the Middle District of Florida and the Southern District of California where the court considered the distance between the plaintiff's residence and the place of public accommodation, as well as the number of ADA lawsuits that the plaintiff filed, in determining the plausibility of the plaintiff's intent to return to the location in question. The cases cited by Defendant were decided prior to *Houston*, in which the Eleventh Circuit held that a "tester" plaintiff had standing to bring suit against a supermarket allegedly violating the ADA. 733 F. 3d at 1336–37. In light of *Houston*, Defendant's arguments lack persuasiveness.

Defendant asserts Plaintiff failed to plead with specificity the precise dates and times of his visits to the Defendant's place of business. However, even under the heightened standards of pleading post-*Twombly/Iqbal*, Plaintiff's statement that he visited the Defendant's place of business "on several occasions in at least 2014,"(Dkt. 1, ¶ 4), is sufficient to meet the burden. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In this case, a failure to plead the precise dates and times of his visits is not fatal to the plaintiff's claim. *See* Fed. R. Civ. P. 8(a)(2) (requiring a short, plain statement of the claim entitling pleader to relief).

### C. *Plaintiff's Listed Barriers Are Not "Generic" or "Vague"*

Defendant's third assertion is that the Plaintiff's descriptions of the barriers he encountered on the Defendant's premises are "generic" and "vague." (Dkt. 11, ¶ 8). Plaintiff has provided the Defendant not only with a general description of the areas of its facility which are non-compliant with the mandates of the ADA (parking and entrance access areas, paths of travel, access areas to goods and services, and restrooms), but has also detailed what portions of these areas are non-compliant, describing violations such as "non-compliant ramps that service the disabled parking spaces," and "non-compliant grab bars on the rear wall and side wall within the accessible [restroom] stall at the facility." (Dkt. 1, ¶ 19). Accordingly, there is no merit to the Defendant's claim that the Plaintiff's listed barriers are generic and vague.

### D. *Pre-Suit Notice is Not Required*

Defendant next raises the issue that Plaintiff did not make efforts to communicate with the

property owner prior to filing his complaint. While Plaintiff acknowledges that this fact is true, Plaintiff is also correct in asserting that it is irrelevant. Pre-suit notice is not required under Title III of the ADA. *See Assoc. of Disabled Am. v. Neptune Designs, Inc.. See* 469 F.3d 1357, 1360 (11th Cir. 2006) ("We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award.").

### E. *Plaintiff's "Tester" Status Does Not Affect Standing*

Defendant's final contention is that Plaintiff's status as a "tester" destroys standing. It is not entirely clear whether Defendant believes that Plaintiff's "tester" status affects his standing because it undermines his intent to return to the Defendant's place of business, or because Defendant believes that the Plaintiff must be a bona fide patron in order to bring suit under Title III of the ADA. The former argument has already been rejected in Section B, *supra*.

The provisions of Title III on which Plaintiff relies do not require that he be a bona fide patron. *Houston* states that the bona fide patron or "client and customer" limitation only applies to "three specific prohibited activities: (i) denial of participation, (ii) participation in unequal benefit, and (iii) separate benefit." 733 F.3d at 1333. This limitation does not apply to 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), or 12188(a), on which Plaintiff's case relies. *Id.* In reaching this conclusion, the Eleventh Circuit noted that "[t]he substantive right conferred by the statute is to be free from disability discrimination in the enjoyment of the facility, regardless of [the plaintiff's] motive for visiting the facility." *Id.* The Eleventh Circuit further held that "[n]othing in [the] statutory language precludes standing for tester plaintiffs; if anything, 'no individual' and 'any person' are broad terms that necessarily encompass testers." *Id.* at 1332. As such, Plaintiff's "tester" status is not fatal to his

ability to bring a claim under 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 12188(a).

Accordingly, Defendant's Motion to Dismiss (Dkt. 11) is **DENIED**. Defendant shall answer to the complaint within 14 days.

**DONE AND ORDERED** this 22nd day of July, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record